FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NORMA GARCIA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:14-CV-1937-BK |
| § | |
| CAROLYN COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION

Pursuant to the parties' consent to proceed before the magistrate judge, Doc. 14, this case has been transferred to the undersigned for a final ruling. The Court now considers the parties' cross-motions for summary judgment. For the reasons that follow, Plaintiff's *Motion for Summary Judgment*, Doc. 20, is **DENIED**, Defendant's *Motion for Summary Judgment*, Doc. 21, is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

**I.     BACKGROUND**[1]

**A.     Procedural History**

Plaintiff seeks judicial review of a final decision by the Commissioner denying her claim for disability insurance benefits and supplemental security income under the Social Security Act ("the Act"). In March 2011, Plaintiff filed for benefits, claiming that she became disabled in February 2011. Doc. 12-6 at 2, 6. Her application was denied at all administrative levels, and she now appeals to this Court pursuant to 42 U.S.C. § 405(g). Doc. 12-3 at 2-7, 20; Doc. 12-5 at 4, 16.

---

[1] The following background comes from the transcript of the administrative proceedings, which can be found at Doc. 12.

**B.** **Factual Background**

Plaintiff was her 41 years old on the date of the administrative law judge's ("ALJ") decision, and she had a high school education and past relevant work experience as a cashier/teller, a cell phone packager, and a cup packager.  Doc. 12-3 at 31-32; Doc. 12-6 at 2. The record indicates that Plaintiff weighs in the range of 290 pounds and is five feet six inches tall.  Doc. 12-9 at 23; Doc. 12-9 at 85, 87.  In August 2010, an x-ray of Plaintiff's lumbar spine showed mild degenerative spondylosis and disc space narrowing at T12-L1 and mild degenerative facet joint hypertrophy at L1-L2 through L5-S1.  Doc. 12-8 at 45.  In April 2011, Plaintiff was noted to have venous insufficiency in her right leg, and it was recommended that she wear stockings.  Doc. 12-8 at 31.  In March 2011, Plaintiff reported that her leg swelled when she stood for more than an hour and she asked the doctor to fill out her disability paper work.  Doc. 12-8 at 34.  In July 2011, Plaintiff was assessed with leg pain, among other conditions, and it was noted that her leg pain may be related to obesity.  Doc. 12-8 at 64, 66. Throughout 2011 and into the spring of 2012, Plaintiff presented to various doctors with complaints of back, leg, and knee pain.  Doc. 12-9 at 8, 10; Doc. 12-9 at 79, 83, 108.  However, she generally reported that her activities of daily living were not affected by her pain, which she described as moderate, and it did not always affect her ability to walk.  Doc. 12-9 at 8; Doc. 12-9 at 23; Doc. 12-9 at 79, 81.  Her straight leg raise tests were negative, she exhibited a normal gait and station, good range of motion, full strength in her legs, and sensation to light touch.  Doc. 12-9 at 10; Doc. 12-9 at 82.  An August 2011 x-ray of Plaintiff's lumbar spine revealed degenerative changes of the thoracic spine with a probable old compression fracture of T10-T12. Doc. 12-9 at 13.

**C.     The ALJ's Findings**

The ALJ issued a decision in January 2013, finding at step one of the sequential evaluation process that Plaintiff had not engaged in substantial gainful activity since the date she applied for benefits. Doc. 12-3 at 14. The ALJ determined at step two that Plaintiff had the severe impairments of obesity, bilateral carpal tunnel, status post bilateral carpal tunnel release, diabetes with neuropathy, history of deep vein thrombosis in the right leg, thoracic degenerative disc disease with history of compression, vertigo, hypertension, hyperlipidemia, and major depressive disorder, recurrent, moderate. Doc. 12-3 at 14. The ALJ found at step three of the analysis, however, that Plaintiff did not have an impairment or combination of impairments that met or equaled the criteria of any listed impairment. Doc. 12-3 at 15.

Before moving on to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work, defined as lifting/carrying up to 20 pounds occasionally; lifting/carrying up to ten pounds frequently; and standing or walking for approximately six hours and/or sitting for up to six hours in an eight-hour workday with normal breaks. Doc. 12-3 at 16. The ALJ limited Plaintiff to only occasional use of foot controls with both feet; no climbing of ladders, ropes, scaffolds, ramps, or stairs; occasional balancing, stooping, kneeling, crouching, and crawling; and frequent handling, fingering, and feeling with both upper extremities. Doc. 12-3 at 16. Furthermore, the ALJ limited Plaintiff's concentrated exposure to hazardous and/or moving machinery and found that she could not perform complex tasks. Doc. 12-3 at 16. At step four of the sequential evaluation process, the ALJ found that Plaintiff was unable to perform any past relevant work. Doc. 12-3 at 19. Continuing on to step five and relying on the testimony of a vocational expert, the ALJ found that Plaintiff could perform other work in the national

economy, including as a counter clerk, cafeteria attendant, and ticket taker.  Doc. 12-3 at 20. The ALJ thus concluded that Plaintiff was not entitled to an award of benefits.  Doc. 12-3 at 21.

## II.  APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months.  42 U.S.C. § 423(d)(1)(A).  The Commissioner uses the following sequential five-step inquiry to determine whether a claimant is disabled:  (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing his past work, a finding of "not disabled" must be made; (5) if an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if any other work can be performed.  *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled.  *Id.*  If the claimant satisfies her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  This burden may be satisfied either by reference to the Medical-Vocational

Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett*, 67 F.3d at 564. Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## III. ARGUMENT AND ANALYSIS

### A. Parties' Arguments

Plaintiff argues that when determining her RFC, the ALJ failed to include all limitations relating to her impairments and, thus, the RFC finding is not supported by substantial evidence. Doc. 20-1 at 4-5. In particular, Plaintiff asserts that while the ALJ acknowledged her lower extremity limitations and limited her to occasional use of bilateral foot controls, the ALJ failed to further accommodate those limitations in the standing and/or walking context. Doc. 20-1 at 5. Plaintiff maintains that she is unable to perform the six-hour standing/walking requirements required of light work, which requires walking and standing, off or on, for a total of about six hours in an eight-hour workday. Doc. 201-1 at 5 (citing 20 C.F.R. § 404.1567(b); Soc. Sec. R. 83-10). Further, Plaintiff contends, the ALJ failed to include a sit/stand option in the RFC and erroneously found that she could perform the light work requirements of standing and walking despite her testimony that she has back and leg pain, is obese, and has problems walking,

5

standing, sitting, and lifting, and that she has to take breaks when performing tasks.  Doc. 20-1 at 6, 8.  By failing to include all of her limitations, Plaintiff argues that she was prejudiced by the ALJ's inaccurate RFC finding.  Doc. 20-1 at 7.

Defendant responds that the ALJ thoroughly evaluated the evidence of record when assessing Plaintiff's RFC and did not err by not including a sit/stand option.  Doc. 21-1 at 6.  Defendant notes that in support of that option, Plaintiff relies primarily upon her own self-descriptions of walking limitations, but the medical evidence does not support such restrictions.  Doc. 21-1 at 6.  Defendant asserts that the ALJ accounted for Plaintiff's lower extremity limitations by limiting her to no more than occasional use of bilateral foot controls.  Doc. 21-1 at 6.  Further, Defendant argues that Plaintiff's claim that alleged limitations resulting from her obesity, back problems, and radiculopathy required a sit/stand option cannot succeed because the mere presence of pain or an impairment is not disabling *per se.*  Doc. 21-1 at 7.  Rather, to establish disability, there must be a showing of a functional impairment that would preclude substantial gainful activity.  Doc. 21-1 at 7.

**B.** **RFC Requirements**

The RFC is an assessment, based on all of the relevant evidence, of a claimant's ability to work on a sustained basis in an ordinary work setting despite his impairments.  20 C.F.R. § 404.1545(a); *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001).  RFC refers to the most that a claimant is able to do despite his physical and mental limitations.  20 C.F.R. § 404.1545(a).  The RFC assessment must first identify the claimant's functional limitations and assess the claimant's work-related abilities on a function-by-function basis.  SSR 96-8P, 1996 WL 374184, *1.  After identifying such limitations, the ALJ then expresses the claimant's RFC.  *Id.*  The RFC is considered by the ALJ, along with the claimant's age, education and work experience, in

determining whether the claimant can work.  20 C.F.R. § 404.1520(f).  The ALJ has the sole responsibility for evaluating a claimant's RFC based on the record as a whole and to resolve conflicts in the evidence.  See *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).  A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or no contrary medical findings.  *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

**C.    Analysis**

In the instant case, the ALJ's RFC finding is supported by substantial evidence. Although Plaintiff maintains that the ALJ's failure to include a sit/stand option or otherwise accommodate her allegedly limited ability to stand/walk was reversible error, Defendant correctly notes that the support for such limitations is largely based on Plaintiff's complaints of pain.  The ALJ is permitted to draw reasonable inferences from the evidence in making her decision, but is not required to incorporate limitations in the RFC that she does not find to be supported in the record.  See *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (holding that the ALJ could rely on portions of a vocational expert's answer without endorsing all of the expert's conclusions).

In this case, the evidence of record does not indicate that the need for a sit/stand option or other restrictions was sufficiently supported by the record such as to make its omission reversible error.  *Id.*  Plaintiff reported at least once that her activities of daily living were not affected by her pain, which she described as moderate, and the pain did not always affect her ability to walk. Doc. 12-9 at 8; Doc. 12-9 at 23; Doc. 12-9 at 79, 81.  Further, on multiple occasions, Plaintiff's straight leg raise tests were negative, she exhibited a normal gait and station, good range of motion, full strength in her legs, and sensation to light touch.  Doc. 12-9 at 10; Doc. 12-9 at 67,

69, 82.  Finally, Plaintiff was able to engage in numerous activities of daily living including taking her children to school, cooking with her husband's help, washing dishes, dusting her son's room, getting the laundry started and then folding it, showering without assistance and otherwise maintaining her hygiene needs, going to church sometimes, grocery shopping with her family's assistance, and handling the family finances.  Doc. 12-3 at 36-40, 44, 49; Doc. 12-7 at 30-31.  She also drove herself to the administrative hearing.  Doc. 12-3 at 31.  Given that the ALJ is responsible for evaluating a claimant's RFC and resolving conflicts in the evidence, substantial evidence exists in the record to support the ALJ's RFC finding.  It is apparent that the ALJ properly considered the record as a whole in determining the RFC.  *Chambliss*, 269 F.3d at 522.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Summary Judgment*, Doc. 20, is **DENIED**, Defendant's *Motion for Summary Judgment*, Doc. 21, is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

**SO ORDERED** on July 14, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE